IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BEVERLY WEATHERWALK,<br>Plaintiff,<br><br>v.<br><br>JO ANNE B. BARNHART,<br>COMMISSIONER OF<br>SOCIAL SECURITY,<br>Defendant. | Civil Action No. 04-150J |

MEMORANDUM JUDGMENT ORDER

AND NOW, this 9th day of January, 2006, upon due consideration of the parties' cross-motions for summary judgment pursuant to plaintiff's request for review of the decision of the Commissioner of Social Security ("Commissioner") denying plaintiff's applications for widow's insurance benefits and supplemental security income under Titles II and XVI, respectively, of the Social Security Act ("Act"), IT IS ORDERED that the Commissioner's motion for summary judgment (Document No. 12) be, and the same hereby is, granted and plaintiff's motion for summary judgment (Document No. 10) be, and the same hereby is, denied.

As the factfinder, an Administrative Law Judge ("ALJ") has an obligation to weigh all of the facts and evidence of record and may reject or discount any evidence if the ALJ explains the reasons for doing so. Plummer v. Apfel, 186 F.3d 422, 429 (3d

Cir. 1999). Importantly, where the ALJ's findings of fact are supported by substantial evidence, a reviewing court is bound by those findings, even if it would have decided the factual inquiry differently. Fargnoli v. Massanari, 247 F.3d 34, 38 (3d Cir. 2001). These well-established principles preclude a reversal or remand of the ALJ's decision here because the record contains substantial evidence to support the ALJ's findings and conclusions.

Plaintiff protectively filed her pending applications for widow's insurance benefits and supplemental security income on November 8, 2002, alleging a disability onset date of December 21, 2000, due to diabetes and arthritis in her hands, legs and neck. Plaintiff's applications were denied initially. At plaintiff's request an ALJ held a hearing on September 5, 2003, at which plaintiff, represented by counsel, appeared and testified. On October 9, 2003, the ALJ issued a decision finding that plaintiff is not disabled. On May 27, 2004, the Appeals Council denied review making the ALJ's decision the final decision of the Commissioner.

Plaintiff was 53 years old at the time of the ALJ's decision and is classified as a person closely approaching advanced age under the regulations. 20 C.F.R. §§404.1563(d) and 416.963(d). Plaintiff has a high school equivalency diploma but has no past relevant work experience. For purposes of plaintiff's application for Title II widow's benefits, plaintiff's eligibility period expired on January 9, 2004, seven years after the death of her



AO 72A
(Rev.8/82)

husband, the wage earner.

After reviewing plaintiff's medical records and hearing testimony from plaintiff and a vocational expert, the ALJ concluded that plaintiff is not disabled within the meaning of the Act. The ALJ found that although the medical evidence establishes that plaintiff suffers from the severe impairments of degenerative disc disease of the cervical spine, Type II diabetes mellitus and depression, those impairments, alone or in combination, do not meet or equal the criteria of any of the impairments listed at Appendix 1 of 20 C.F.R., Part 404, Subpart P.

The ALJ also found that plaintiff retains the residual functional capacity to perform a significant range of light work but with certain restrictions recognizing the limiting effects of her impairments. Taking into account these limiting effects, a vocational expert identified numerous categories of jobs which plaintiff could perform based upon her age, education, work experience and residual functional capacity. Relying on the vocational expert's testimony, the ALJ found that plaintiff is capable of making an adjustment to numerous jobs existing in significant numbers in the national economy, including food preparation worker, office cleaner, kitchen helper and printer/packer. Accordingly, the ALJ determined that plaintiff is not disabled within the meaning of the Act.

The Act defines "disability" as the inability to engage in substantial gainful activity by reason of a physical or mental impairment which can be expected to last for a continuous period



AO 72A
(Rev.8/82)

of at least twelve months. 42 U.S.C. §§423(d)(1)(A) and 1382c(a)(3)(A). The impairment or impairments must be so severe that the claimant "is not only unable to do his previous work but cannot, considering his age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy ...." 42 U.S.C. §§423(d)(2)(A) and 1382c(a)(3)(B).

The Commissioner has promulgated regulations incorporating a five-step sequential evaluation process for determining whether a claimant is under a disability. 20 C.F.R. §§404.1520 and 416.920; Newell v. Commissioner of Social Security, 347 F.3d 541, 545 (3d Cir. 2003). If the claimant is found disabled or not disabled at any step, the claim need not be reviewed further. Id.; see Barnhart v. Thomas, 124 S.Ct. 376 (2003).

The ALJ must determine in sequence: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether she has a severe impairment; (3) if so, whether her impairment meets or equals the criteria listed in 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) if not, whether the claimant's impairment prevents her from performing her past-relevant work; and (5) if so, whether the claimant can perform any other work which exists in the national economy, in light of her age, education, work experience, and residual functional capacity. 20 C.F.R. §§404.1520 and 416.920. See also Newell, 347 F.3d at 545-46.

Additionally, the Commissioner has promulgated regulations



AO 72A
(Rev.8/82)

dealing specifically with the evaluation of mental impairments. 20 C.F.R. §§404.1520a and 416.920a. When there is evidence of a mental impairment that allegedly prevents a claimant from working, the Commissioner must follow the procedure for evaluating mental impairments set forth in the regulations. Plummer, 186 F.2d at 432.

Here, plaintiff challenges the ALJ's findings at steps 3[1] and 5[2] of the sequential evaluation process. Specifically, plaintiff contends that: (1) the ALJ improperly analyzed the medical evidence and failed to accord the appropriate weight to the reports of plaintiff's treating physicians; and, (2) the ALJ improperly analyzed plaintiff's testimony and subjective complaints regarding her pain and limitations. Upon review, the court finds that the ALJ properly evaluated the evidence and that all of the ALJ's findings are supported by substantial evidence.

---

[1] At step 3, the ALJ must determine whether the claimant's impairment matches, or is equivalent to, one of the listed impairments. Burnett v. Commissioner of Social Security Administration, 220 F.3d 112, 119 (3d Cir. 2000). The listings describe impairments that prevent an adult, regardless of age, education, or work experience, from performing any gainful activity. Knepp v. Apfel, 204 F.3d 78, 85 (3d Cir. 2000); 20 C.F.R. §404.1520(d). "If the impairment is equivalent to a listed impairment then [the claimant] is per se disabled and no further analysis is necessary." Burnett, 220 F.3d at 119.

[2] At step 5, the ALJ must show that there are other jobs existing in significant numbers in the national economy which the claimant can perform consistent with her medical impairments, age, education, past work experience and residual functional capacity. 20 C.F.R. §§404.1520(f) and 416.920(f). Residual functional capacity is defined as that which an individual still is able to do despite the limitations caused by his or her impairments. 20 C.F.R. §§404.1545(a) and 416.945(a); Fargnoli, 247 F.3d at 40.



AO 72A
(Rev.8/82)

Plaintiff's first argument is that the ALJ improperly evaluated the medical evidence in assessing whether plaintiff met a listed impairment and in assessing plaintiff's residual functional capacity.[3] Specifically, plaintiff contends that the ALJ failed to accord the appropriate weight to opinions from her treating and examining physicians indicating that plaintiff either met a listed impairment or that plaintiff otherwise could not work. Upon review the court finds that the ALJ's evaluation of the medical evidence is supported by substantial evidence.

Under the Social Security Regulations and the law of this circuit, opinions of treating physicians are entitled to substantial, and at times even controlling, weight. 20 C.F.R. §§404.1527(d)(2) and 416.927(d)(2); Fargnoli, 247 F.3d at 33. Where a treating physician's opinion on the nature and severity of an impairment is well supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence in the record, it will be given controlling weight. Id. When a treating source's opinion is not entitled to controlling weight, it is evaluated and weighed under the same standards applied to all other medical opinions, taking into account numerous factors including the opinion's supportability, consistency and specialization. 20 C.F.R.

[3] Here the ALJ found that "[Plaintiff's] residual functional capacity for the full range of light work is reduced by her need to avoid excessive climbing and balancing, her limited ability to push and pull with the lower extremities, her need to avoid excessive temperature extremes and wetness and her limitation to low stress, concentration and memory jobs." (R. 21)



AO 72A
(Rev.8/82)

§§404.1527(d) and 416.927(d).

Here, the ALJ adhered to the foregoing standards in evaluating the medical evidence, both in assessing whether plaintiff met any listed impairment and as to her residual functional capacity. (R. 17-20). Based upon his review of the entire record, including plaintiff's medical records and plaintiff's own testimony and reported daily activities, the ALJ concluded that plaintiff's impairments, while severe, do not meet or equal any listed impairment and do not preclude her from performing any substantial gainful activity. These findings are supported by substantial evidence as outlined by the ALJ in his decision.

Indeed, although plaintiff asserts that the ALJ improperly weighed the evidence from her treating physicians, plaintiff fails to point to any specific evidence in those records which even arguably could support a finding of disability. Moreover, the court's own review of plaintiff's treatment records demonstrates that not one of her treating or examining physicians opined, or even suggested, that plaintiff was precluded from any gainful employment.

Plaintiff's final argument is that the ALJ improperly analyzed plaintiff's credibility. Specifically, plaintiff contends that the ALJ improperly rejected plaintiff's testimony regarding limitations in her daily activities arising from her impairments and instead relied on her sporadic and transitory activities to negate a finding of disability. After reviewing

the record, the court finds that the ALJ properly evaluated plaintiff's subjective complaints in accordance with the regulations.

Allegations of pain and other subjective symptoms must be supported by objective medical evidence, 20 C.F.R. §§404.1529(c) and 416.929(c), and an ALJ may reject a claimant's subjective testimony if he does not find it credible so long as he explains why he is rejecting the testimony. Schaudeck v. Commissioner of Social Security, 181 F.3d 429, 433 (3d Cir. 1999). Here, in assessing plaintiff's credibility, the ALJ properly considered plaintiff's subjective complaints, but also considered her allegations in light of the medical evidence, her treatment history and all the other evidence of record. In doing so, he found that plaintiff's testimony as to her limitations was inconsistent with her daily activities as well as with the objective medical evidence. (R. 19). The court finds no error in the ALJ's credibility determination as it is supported by substantial evidence.

While it is true, as plaintiff asserts, that sporadic and transitory activities cannot be used to show an ability to engage in substantial gainful activity, see Fargnoli, 247 F.3d at 40, n.5, the ALJ did not do so here. Rather, in assessing plaintiff's credibility, the ALJ properly considered not only plaintiff's reports of her activities of daily living, but also considered plaintiff's allegations in light of the medical evidence, her treatment history and all of the other evidence of record.



AO 72A
(Rev.8/82)

After carefully and methodically considering all of the medical evidence of record and plaintiff's testimony, the ALJ determined that plaintiff is not disabled within the meaning of the Act. The ALJ's findings and conclusions are supported by substantial evidence and are not otherwise erroneous. Accordingly, the decision of the Commissioner must be affirmed.

Gustave Diamond
United States District Judge

cc: J. Kirk Kling, Esq.
630 Pleasant Valley Boulevard, Suite B
Altoona, PA 16602

John J. Valkovci, Jr.
Assistant U.S. Attorney
319 Washington Street
Room 224, Penn Traffic Building
Johnstown, PA 15901